CHARLES L. ROBERTS (5137; *croberts@wnlaw.com*)
CARA J. BALDWIN (11863; *cbaldwin@wnlaw.com*)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiffs NOGUAR, L.C. and CALLASSISTANT, L.C.

J. RYAN MITCHELL (9362; *rmitchell@mitchellbarlow.com*)
ANDREW V. COLLINS (11544; *acollins@mitchellbarlow.com*)
MITCHELL & BARLOW, P.C.
6465 South 3000 East, Suite 203
Salt Lake City, Utah  84121
Telephone: (801) 998-8888
Facsimile: (801) 998-8077

Attorneys for Plaintiff CALLASSISTANT, L.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NOGUAR, L.C., a Utah limited liability company and CALLASSISTANT, L.C., a Utah limited liability company,<br><br>Plaintiffs,<br>v.<br><br>1TO1 SALES GROUP, L.L.C., a Utah limited liability company, SAVANTIUS, L.L.C., a Utah limited liability company, REVOCALIZE, L.L.C., a Utah limited liability company, BEN GEORGE, an individual, and JODY ROOKSTOOL, an individual,<br><br>Defendants. | Civil Action No. 2:11-cv-00127-TC<br><br>**COMPLAINT**<br><br>Jury Demanded<br><br><br><br>Honorable Judge Tena Campbell |

Plaintiffs Noguar, L.C. ("Noguar") and CallAssistant, L.C. ("CallAssistant") (collectively, "Plaintiffs") hereby complain against defendants 1to1 Sales Group, L.L.C. ("1to1"), Savantius, L.L.C. ("Savantius"), Revocalize, L.L.C. ("Revocalize"), Ben George ("George"), and Jody Rookstool ("Rookstool") (collectively, "Defendants"), for the causes of action alleged as follows:

## THE PARTIES

1. Noguar is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

2. CallAssistant is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 1925 W. Indiana Ave., Salt Lake City, Utah 84104.

3. On information and belief, Defendant 1to1 is a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003.

4. On information and belief, Defendant Savantius is a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003.

5. On information and belief, Defendant Revocalize is a Utah limited liability company with its principal place of business at 826 East State Road #200, American Fork, Utah 84003.

6. On information and belief, Defendant Ben George is an individual residing in Utah County, Utah and a principal of 1to1, Savantius, and Revocalize.

7. On information and belief, Defendant Jody Rookstool is an individual residing in Utah County, Utah and a principal of 1to1, Savantius, and Revocalize.

## JURISDICTION AND VENUE

8. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq., which gives rise to the remedies specified under 35 U.S.C. §§ 281, and 283–85.

9. This is also a civil action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

10. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

11. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

12. On information and belief, Defendants have made, used, offered for sale, or contracted for the sale of infringing goods and/or infringing methods within the State of Utah to Plaintiffs' injury, which relates to the claims asserted by Plaintiffs and out of which Plaintiffs' claims, in part, arise.

13. On information and belief, Defendants have actively induced infringement of a patented invention within the State of Utah, to Plaintiffs' injury, which relates to the claims asserted by Plaintiffs, and out of which Plaintiffs claims, in part, arise.

14. On information and belief, Defendants have offered to sell, contracted for the sale of, or used a product made by a process patented in the United States, within the State of Utah, to

Plaintiffs' injury, which relates to the claims asserted by Plaintiffs, and out of which Plaintiffs' claims, in part, arise.

15. On information and belief, Defendants have infringed a United States registered copyright within the State of Utah, to Plaintiffs' injury, which relates to the claims asserted by Plaintiffs, and out of which Plaintiffs' claims, in part, arise.

16. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(b)(3), 1391(c), and 1400(b).

## FACTUAL BACKGROUND

17. Noguar is the owner by assignment of United States Patent No. 7,640,510 ("the '510 Patent"), a true and correct copy of which is attached hereto as Exhibit A. The '510 patent is directed to systems and methods for use in telephone marketing and related activities involving data gathering over the telephone. According to the systems and methods of the '510 patent, by utilizing a wide-variety of prerecorded scripts, an agent operating a computer can initiate a telephone call to a contact and interact with the contact solely through the pre-recorded scripts, thereby simulating a conversation with a live operator.

18. Noguar has licensed certain rights in the '510 Patent to CallAssistant, which, pursuant to its license under the '510 Patent, uses the technology of the '510 Patent in a variety of telephone marketing applications.

19. In connection with its use of the systems and methods licensed to it under the '510 Patent, CallAssistant has created and recorded scripts for use in outbound telephone marketing applications. CallAssistant's scripts constitute copyrightable textual works and sound recordings under the Copyright Act, 17 U.S.C. § 101, *et seq*.

20. These scripts are the subject of U.S. Copyright Registration Nos. TXu 1-694-188 ("the '188 Registration") and SRu 973-992 ("the '992 Registration") (collectively, the "Copyrighted Scripts"), which are both owned by CallAssistant. A copy of the Certificate of Registration for the '188 Registration is attached hereto as Exhibit B. A copy of the Certificate of Registration for the '992 Registration is attached hereto as Exhibit C.

21. Using the technology of the '510 patent and the Copyrighted Scripts CallAssistant has developed, it offers specialized, high-quality telemarketing services to its clients at very competitive prices.

22. 1to1 was a client of CallAssistant, and pursuant to that client relationship CallAssistant provided initial and ongoing script development, operation of telephone campaigns, and call resource management for 1to1.

23. Upon information and belief, after 1to1 learned the details of the technology being utilized by CallAssistant on its behalf, it ceased doing business as 1to1 and began operating as Savantius. Upon information and belief, Savantius is an affiliate of, the continuation of, and/or the alter ego of, 1to1. CallAssistant continued to do business with Savantius for a period of time.

24. Upon information and belief, defendants George and Rookstool, the principals of both 1to1 and Savantius, formed Revocalize to misappropriate Plaintiffs' intellectual property, including technology protected by the '510 patent and the Copyrighted Scripts.

25. Upon information and belief, 1to1, Savantius, and Revocalize are each the alter ego of the others. The same principals own and control each of 1to1, Savantius, and Revocalize.

George and Rookstool are the only members of each entity. 1to1 and Savantius share the same address and Revocalize's address is next door.

26. Upon information and belief, George and Rookstool learned of the technology of the '510 patent and the Copyrighted Scripts through their relationship with CallAssistant and subsequently disclosed this information and technology to Revocalize.

27. Upon information and belief, Defendants have appropriated the Copyrighted Scripts and the technology of the '510 patent to develop a competing product and service.

## FIRST CAUSE OF ACTION
### (Patent Infringement of the '510 Patent)

28. By this reference Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

29. Plaintiffs allege on information and belief that Defendants have made, used, sold, offered for sale, or imported systems, products, and methods that infringe one or more claims of the '510 patent.

30. The conduct of Defendants as set forth hereinabove gives rise to a cause of action for infringement of the '510 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

31. To the extent that Defendants have made, used, sold, or offered for sale systems, products, and methods that infringe the '510 Patent, subsequent to receiving notice of Plaintiffs' assertions of infringement and despite an objectively high likelihood that its continued actions constitute infringement, Defendants' infringement has been both willful and deliberate.

32. By reason of the foregoing, Plaintiffs are entitled to an injunction against Defendants pursuant to 35 U.S.C. § 283, and to monetary relief against defendants pursuant to 35 U.S.C. §§ 284–85, as more fully set forth herein below.

## SECOND CAUSE OF ACTION
### (Copyright Infringement of Copyrighted Scripts)

33. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

34. CallAssistant created and is the owner of all rights in and to the Copyrighted Scripts.

35. CallAssistant, as the owner of all rights and interest in and to the Copyrighted Scripts, is entitled to the exclusive rights to reproduce, distribute, publish, and prepare derivative works of the same under the Copyright Act, 17 U.S.C. § 106.

36. Upon information and belief, Defendants have copied and redistributed copies of the Copyrighted Scripts.

37. Upon information and belief, Defendants have also prepared derivative works of the Copyrighted Scripts.

38. Through Defendants' acts as alleged above, Defendants have violated CallAssistant's exclusive rights to reproduce and distribute copies of the Copyrighted Scripts, and/or to prepare derivative works of the same, in violation of 17 U.S.C. § 106.

39. Defendants are not authorized to reproduce or distribute works which infringe CallAssistant's rights in the Copyrighted Scripts, and are not authorized to prepare derivative works of the same.

40. The foregoing conduct by 1to1, Savantius, and Revocalize constitutes copyright infringement.

41. The foregoing conduct by Rookstool and George constitutes vicarious copyright infringement because, upon information and belief, Rookstool and George have the right and ability to supervise the infringing activity and have a direct financial interest in such activity.

42. Upon information and belief, Defendants were each aware of CallAssistant's rights in the Copyrighted Scripts and had reason to believe that their acts constituted an infringement of CallAssistant's copyrights, thereby rendering Defendants' infringement willful.

43. By reason of Defendants' infringement, CallAssistant has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the Copyrighted Scripts.

44. Further irreparable harm to CallAssistant is imminent as a result of Defendants' conduct, and CallAssistant is without an adequate remedy at law. CallAssistant is therefore entitled to an injunction restraining Defendants, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with 1to1, Savantius, and Revocalize from engaging in further such acts of copyright infringement, pursuant to 17 U.S.C. § 502.

45. CallAssistant is further entitled, during the pendency of this action, to an order from the Court enjoining Defendants' infringing activity, and, as part of the Court's final judgment or decree, an order from this court that Defendants' infringing works, including all derivative works, be destroyed, pursuant to 17 U.S.C. § 503.

46. CallAssistant is entitled to recover either statutory or actual damages suffered by it as a result of the infringement, in an amount to be proven at trial, along with Defendants' profits that are attributable to the infringement, for Defendants' willful infringement pursuant to

17 U.S.C. § 504, along with CallAssistant's costs and attorney's fees, pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### (State Law Unfair Competition)

47. By this reference Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

48. Defendants, by their actions set forth hereinabove, have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the '510 Patent, in violation of, *inter alia*, Utah Code Ann. § 13-5a-102(4).

49. Defendants' conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, *et seq.*

50. By reason of the foregoing, Plaintiffs have suffered damages and irreparable harm.

51. By reason of the foregoing, Plaintiffs are entitled to actual and punitive damages from Defendants, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth hereinbelow.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Judgment finding Defendants jointly and severally liable for infringement of the '510 Patent and of the works covered by the '188 Registration and '992 Registration;

B.	An order of this Court temporarily, preliminarily, and permanently enjoining Defendants, their agents, servants, and any and all parties acting in concert with any of them, from making, using, selling, or offering for sale systems, products, and methods that infringe the '510 Patent, either directly or indirectly, or contributing in any manner to the infringement of the '510 Patent, pursuant to at least 35 U.S.C. § 283;

C.	To the extent that Defendants have made, used, sold, or offered for sale systems, products, and methods that infringe the '510 Patent, subsequent to receiving notice of Plaintiffs' assertions of infringement and despite an objectively high likelihood that its continued actions constitute infringement, for judgment that Defendants' infringement has been both willful and deliberate;

D.	For injunctive relief enjoining Defendants, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with 1to1, Savantius, and Revocalize as follows:

    a. from manufacturing any products falling within the scope of the claims of the '510 patent;

    b. from using any product or method falling within the scope of any of the claims of the '510 patent;

    c. from selling, offering to sell, licensing or purporting to license any product or method falling within the scope of any of the claims of the '510 patent;

    d. from importing any product into the United States which falls within the scope of the claims of the '510 patent;

    e. from actively inducing others to infringe any of the claims of the '510 patent;

    f. from engaging in acts constituting contributory infringement of any of the claims of the '510 patent; and

    g. from all other acts of infringement of any of the claims of the '510 patent;

  E. That plaintiffs be granted preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, enjoining Defendants, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with 1to1, Savantius, and Revocalize from further acts of infringement of CallAssistant's copyright;

  F. That Defendants be ordered to deliver up for destruction all infringing products in their possession, pursuant to 17 U.S.C. § 503;

  G. An award of damages adequate to compensate Plaintiffs for infringement of the '510 Patent, in an amount to be proven at trial, including treble damages and other damages allowed by 35 U.S.C. § 284, and profits that are attributable to the infringement of the works covered by the '188 and '992 Registrations;

  H. An award of actual and punitive damages pursuant to Utah Code Ann. § 13-5a-103(b);

  I. An award of Plaintiffs' costs in bringing this action, pursuant to at least 35 U.S.C. § 284, and applicable state statutory and common law, including at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii);

  J. An award of Plaintiffs' attorneys' fees, pursuant to applicable state statutory and common law, including at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii);

  K. A declaration that this is an exceptional case and that Plaintiffs be awarded their attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

L.      That costs and attorneys' fees be awarded to Plaintiffs under 17 U.S.C. § 505; and

M.     For such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all claims and issues so triable.

DATED January 31, 2011.

                WORKMAN | NYDEGGER


By:   /s/ Charles L. Roberts
       Charles L. Roberts
       Cara J. Baldwin

       Attorneys for Plaintiffs Noguar, L.C and
       CallAssistant, L.C.

       J. Ryan Mitchell
       Andrew V. Collins
       MITCHELL & BARLOW
       Attorneys for Plaintiff CallAssistant, L.C.