BRENT P. LORIMER (3731; *blorimer@wnlaw.com*)
CHARLES L. ROBERTS (5137; *croberts@wnlaw.com*)
H. CRAIG HALL, JR. (8691; *chall@wnlaw.com*)
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiffs NOGUAR, L.C. and CALLASSISTANT, L.C.

J. RYAN MITCHELL (9362; *rmitchell@mitchellbarlow.com*)
ANDREW V. COLLINS (11544; *acollins@mitchellbarlow.com*)
MITCHELL & BARLOW, P.C.
6465 South 3000 East, Suite 203
Salt Lake City, Utah  84121
Telephone: (801) 998-8888
Facsimile: (801) 998-8077

Attorneys for Plaintiff CALLASSISTANT, L.C.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| NOGUAR, L.C., a Utah limited liability company and CALLASSISTANT, L.C., a Utah limited liability company,<br><br>Plaintiffs,<br>v.<br><br>REVOCALIZE, L.L.C., a Utah limited liability company, SAVANTIUS, L.L.C., a Utah limited liability company, ACQUINITY INTERACTIVE, L.L.C., a Delaware limited liability company, BEN GEORGE, an individual, and JODY ROOKSTOOL, an individual,<br><br>Defendants. | Civil Action No. 2:11-cv-00127-RJS-PMW<br><br><br><br>**THIRD AMENDED COMPLAINT**<br><br>Jury Demanded<br><br><br><br>Honorable Robert J. Shelby |

Plaintiffs Noguar, L.C. ("Noguar") and CallAssistant, L.C. ("CallAssistant") (collectively, "Plaintiffs") hereby complain against defendants Revocalize, L.L.C. ("Revocalize"), Savantius, L.L.C. ("Savantius"), Acquinity Interactive, L.L.C., ("Acquinity"), Ben George ("George"), and Jody Rookstool ("Rookstool") (collectively, "Defendants"), for the causes of action alleged as follows:

## THE PARTIES

1. Noguar is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

2. CallAssistant is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 1925 W. Indiana Ave., Salt Lake City, Utah 84104.

3. On information and belief, Defendant Revocalize is a Utah limited liability company with its principal place of business at 826 East State Road #200, American Fork, Utah 84003.

4. On information and belief, Defendant Savantius is a Utah limited liability company with its principal place of business at 826 East State Road #101, American Fork, Utah 84003.

5. On information and belief, Defendant Acquinity is a Delaware limited liability company with its principal place of business at 2200 SW 10th Street Deerfield Beach, Florida 33433.

6. On information and belief, Defendant Ben George is an individual residing in Utah County, Utah and a principal of Revocalize and other Utah-based companies named 1to1 Sales Group, L.L.C. ("1to1") and Savantius, L.L.C ("Savantius").

7. On information and belief, Defendant Jody Rookstool is an individual residing in Utah County, Utah and a principal of Revocalize and other Utah-based companies named 1to1 and Savantius.

## JURISDICTION AND VENUE

8. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq., which gives rise to the remedies specified under 35 U.S.C. §§ 281, and 283–85.

9. This is also a civil action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

10. This is also a civil action for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq*.

11. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

12. On information and belief, Defendants Revocalize, Savantius and Acquinity have made, used, offered for sale, or sold goods and/or methods which infringe one or more claims of U.S. Patent No. 7,640,510 ("the '510 patent") and U.S. Patent No. 7,653,195 ("the '195 patent") (collectively, the "Asserted Patents") within the State of Utah all as more fully set forth below,

which conduct relates to the claims asserted by Plaintiffs and out of which Plaintiffs' claims, in part, arise.

13.     On information and belief, defendants Revocalize, Savantius, George and Rookstool have actively induced infringement of one or more claims of the Asserted Patents within the State of Utah, which conduct relates to the claims asserted by Plaintiffs, and out of which Plaintiffs' claims, in part, arise.

14.     On information and belief, Defendants have infringed and or induced contributed to the infringement of United States registered copyrights within the State of Utah which relates to the claims asserted by Plaintiffs, and out of which Plaintiffs' claims, in part, arise.

15.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(b)(3), 1391(c), and 1400(b).

## FACTUAL BACKGROUND

16.     Noguar is the owner by assignment of the '510 patent, a true and correct copy of which is attached hereto as Exhibit A.  The '510 patent is directed to systems and methods for use in telephone marketing and related activities involving data gathering over the telephone.

17.     According to the systems and methods of the '510 patent, by utilizing a wide-variety of prerecorded scripts, an agent operating a computer can initiate a telephone call to a contact and interact with the contact solely through the pre-recorded scripts, thereby simulating a conversation with a live operator.  One of the significant advantages of using the technology of the '510 patent is that an agent can conduct multiple calls simultaneously.

18.     Noguar is also the owner by assignment of the '195 patent, a true and correct copy of which is attached as Exhibit B.  The '195 patent is directed to apparatus, systems, and

methods for managing calls from a call center and more particularly to the management of transferring multiple calls to a single agent.

19.     Noguar has licensed certain rights in the Asserted Patents to CallAssistant, which, pursuant to its license under the Asserted Patents, uses software and hardware technology and proprietary methodologies that allow a phone agent to use pre-recorded sound files in lieu of spoken words on a phone call, as claimed in the Asserted Patents.

20.     In connection with its use of the systems and methods licensed to it under the Asserted Patents, CallAssistant has created and recorded scripts for use in outbound telephone marketing applications.  CallAssistant's scripts constitute copyrightable textual works and sound recordings under the Copyright Act, 17 U.S.C. § 101, *et seq*.

21.     These scripts are the subject of U.S. Copyright Registration Nos. TXu 1-694-188 ("the '188 Registration") and SRu 973-992 ("the '992 Registration") (collectively, the "Asserted Copyrights"), which are both owned by CallAssistant.  A copy of the Certificate of Registration for the '188 Registration is attached hereto as Exhibit C.  A copy of the Certificate of Registration for the '992 Registration is attached hereto as Exhibit D.

22.     Using the technology of the Asserted Patents and the Asserted Copyrights CallAssistant has developed, it offers specialized, high-quality telemarketing services to its clients at very competitive prices.

23.     A business entity named 1to1 was a client of CallAssistant, and pursuant to that client relationship CallAssistant provided initial and ongoing script development, operation of telephone campaigns, and call resource management for 1to1, including use of the subject matter claimed in the Asserted Patents.

24. Upon information and belief, after 1to1 learned the details of the technology claimed in the Asserted Patents and materials protected by Asserted Copyrights, it ceased doing business as 1to1 and began operating as Savantius. Upon information and belief, Savantius is an affiliate of, the continuation of, and/or the alter ego of, 1to1 and/or the alter ego of Revocalize. CallAssistant continued to do business with Savantius and Revocalize for a period of time.

25. Upon information and belief, defendants George and Rookstool, the principals of 1to1, Savantius and Revocalize, had access to and learned of the technology claimed in the Asserted Patents and the materials protected by the Asserted Copyrights, and formed Revocalize to misappropriate Plaintiffs' intellectual property.

26. Upon information and belief, each of 1to1, Savantius, and Revocalize is the alter egos of the others. The same principals own and control each of 1to1, Savantius, and Revocalize. George and Rookstool are the only members of each entity. 1to1 and Savantius share the same address and Revocalize's address is next door. Rookstool and George have the right and ability to supervise the activities of Revocalize, 1 to 1, and Savantius, and have a direct financial interest in such activities.

27. Upon information and belief, George and Rookstool learned of the technology claimed in the Asserted Patents and the Asserted Copyrights through their relationship with CallAssistant and subsequently disclosed this information and technology to Revocalize and/or Savantius.

28. Upon information and belief, Defendants have misappropriated the Asserted Copyrights and the technology of the Asserted Patents to develop a competing product and service.

29.     Upon information and belief, Revocalize, Savantius and Acquinity have marketed, sold, used and licensed software which infringes the Asserted Patents and the Asserted Copyrights.

30.     Upon information and belief, the infringing software used by Revocalize, Savantius and Acquinity is known as "Perfect Voice," is used in various call centers operated by Revocalize or by others under license from Revocalize and/or Savantius.

31.     Upon information and belief, Revocalize's and Savantius's "Perfect Voice" software practices one or more of the claimed apparatus and methods of the Asserted Patents and copies, performs, plays and re-distributes materials that infringe the Asserted Copyrights.

32.     The scripts registered in the '188 Registration were created by CallAssistant for use in performing telemarketing services for Revocalize and Savantius and, as a client of CallAssistant, Revocalize and Savantius had access to such scripts.  A copy of the scripts registered in the '188 Registration is attached hereto as Exhibit E.

33.     Upon information and belief defendants Revocalize, Savantius, Acquinity, Rookstool and George, at all relevant times, had knowledge of the Asserted Patents.

34.     Upon information and belief, defendants Rookstool and George intentionally induced Revocalize, Savantius and Acquinity to engage in conduct that Rookstool and George knew would result in infringement of one or more claims of the Asserted Patents, and/or acted in willful blindness of the existence of the patent or the infringement of the Asserted Patents by the acts of Revocalize, Savantius and Acquinity.

35.     Upon information and belief, defendant Revocalize intentionally induced Acquinity to engage in conduct that Revocalize knew would result in infringement of one or

more claims of the Asserted Patents, and/or acted in willful blindness of the existence of the patent or the infringement of the Asserted Patents by the acts of Acquinity.

36.     Upon information and belief, defendants Revocalize, Savantius, Rookstool and George intentionally induced third-parties, including but not limited to Acquinity and a Utah-based company named ROI Solutions ("ROI"), to engage in conduct which Revocalize, Rookstool and George knew would result in infringement of one or more of the claims of the Asserted Patents, and/or acted in willful blindness of the patent or the infringement of the Asserted Patents by the acts of such third parties.

37.     One of the features of the technology disclosed and claimed in the Asserted Patents is the use of prerecorded audio files. These audio files may include recordings of scripts used during a telephone call in a telemarketing application. CallAssistant had one of its employees, Ashley Smith, prepare recordings of certain scripts which CallAssistant used in advertising its services. Revocalize and Savantius acquired copies of Ms. Smith's recordings of the sample scripts. On information and belief, Revocalize and/or Savantius subsequently transferred these copyrighted scripts and audio recordings to Revocalize and/or Savantius.

38.     As part of advertising its services, Revocalize and/or Savantius provides a phone number which potential customers can call to hear sample phone calls consisting of various prerecorded scripts. A number of the prerecorded scripts played on Revocalize's sample call are the very copyrighted recordings prepared by Ms. Smith for CallAssistant.

## FIRST CAUSE OF ACTION
### (Direct Patent Infringement of the '510 Patent)

39.     By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

40. Plaintiffs allege on information and belief that Revocalize, Savantius and Acquinity have made, used, sold, offered for sale, or imported systems, products, and methods that infringe one or more claims of the '510 patent, including, but not limited to, systems which utilize the so-called "Perfect Voice" software and related systems.

41. The conduct of Revocalize, Savantius and Acquinity as set forth hereinabove gives rise to a cause of action for direct infringement of the '510 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

42. On information and belief, Revocalize, Savantius and Acquinity have made, used, sold, or offered for sale systems, products, and methods that infringe the '510 Patent, subsequent to receiving notice of Plaintiffs' assertions of infringement, despite an objectively high likelihood that its continued actions constituted infringement, which likelihood was either known to Revocalize, Savantius and Acquinity or so obvious that it should have been known to Revocalize, Savantius and Acquinity. As a result, Revocalize's, Savantius's and Acquinity's infringement has been both willful and deliberate.

43. By reason of the foregoing, Plaintiffs are entitled to damages, enhanced damages and preliminary and permanent injunctive relief against Revocalize, Savantius and Acquinity as more fully set forth herein below.

## SECOND CAUSE OF ACTION
### (Patent Infringement by Inducement of the '510 Patent)

44. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

45. Upon information and belief, defendants Rookstool and George intentionally induced Revocalize, Savantius and Acquinity to engage in conduct that Rookstool and George

knew would result in infringement of one or more claims of the '510 patent, and/or acted in willful blindness of the existence of the patent or the infringement of the '510 patent by the acts of Revocalize, Savantius and Acquinity.

46. Upon information and belief, defendants Revocalize, Savantius, Rookstool and George intentionally induced third-parties, including but not limited to Acquintiy and a Utah-based company named ROI Solutions ("ROI"), to engage in conduct which Revocalize, Rookstool and George knew would result in infringement of one or more of the claims of the '510 patent, and/or acted in willful blindness of the patent or the infringement of the '510 patent by the acts of such third parties.

47. On information and belief, defendants Revocalize, Savantius, Rookstool and George induced third-parties to infringe the '510 Patent subsequent to receiving notice of Plaintiffs' assertions of infringement and despite an objectively high likelihood that their continued actions constituted infringement, which likelihood was either known or so obvious that it should have been known to the Revocalize, Savantius, Rookstool and George. As a result, Revocalize's, Savantius's, Rookstool's and George's infringement has been both willful and deliberate.

48. By reason of the foregoing, Plaintiffs are entitled to damages, enhanced damages and preliminary and permanent injunctive relief against Revocalize, Savantius, Rookstool and George, as more fully set forth herein below.

### THIRD CAUSE OF ACTION
### (Direct Patent Infringement of the '195 Patent)

49. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

50. Plaintiffs allege on information and belief that Revocalize, Savantius and Acquinity have made, used, sold, offered for sale, or imported systems, products, and methods that infringe one or more claims of the '195 patent, including, but not limited to, systems which utilize the so-called "Perfect Voice" software and related systems.

51. The conduct of Revocalize, Savantius and Acquinity as set forth hereinabove gives rise to a cause of action for direct infringement of the '195 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

52. On information and belief, Revocalize, Savantius and Acquinity have made, used, sold, or offered for sale systems, products, and methods that infringe the '195 Patent, subsequent to receiving notice of Plaintiffs' assertions of infringement, despite an objectively high likelihood that its continued actions constituted infringement, which likelihood was either known to Revocalize, Savantius and Acquinity or so obvious that it should have been known to Revocalize Savantius and Acquinity. As a result, Revocalize's, Savantius's and Acquinity's infringement has been both willful and deliberate.

53. By reason of the foregoing, Plaintiffs are entitled to damages, enhanced damages and preliminary and permanent injunctive relief against Revocalize, Savantius and Acquinity as more fully set forth herein below.

### FOURTH CAUSE OF ACTION
### (Patent Infringement by Inducement of the '195 Patent)

54. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

55. Upon information and belief, defendants Rookstool and George intentionally induced Revocalize, Savantius and Acquinity to engage in conduct that Rookstool and George

knew would result in infringement of one or more claims of the '195 patent, and/or acted in willful blindness of the existence of the patent or the infringement of the '195 patent by the acts of Revocalize, Savantius and Acquinity.

56. Upon information and belief, defendants Revocalize, Savantius, Rookstool and George intentionally induced third-parties, including but not limited to Acquinity and a Utah-based company named ROI Solutions ("ROI"), to engage in conduct which Revocalize, Savantius, Rookstool and George knew would result in infringement of one or more of the claims of the '195 patent, and/or acted in willful blindness of the patent or the infringement of the '195 patent by the acts of such third parties.

57. On information and belief, defendants Revocalize, Savantius, Rookstool and George induced third-parties to infringe the '195 Patent subsequent to receiving notice of Plaintiffs' assertions of infringement and despite an objectively high likelihood that their continued actions constituted infringement, which likelihood was either known or so obvious that it should have been known to the Defendants. As a result, defendants Revocalize's, Savantius's, Rookstool's and George's infringement has been both willful and deliberate.

58. By reason of the foregoing, Plaintiffs are entitled to damages, enhanced damages and preliminary and permanent injunctive relief against defendants Revocalize, Savantius, Rookstool and George, as more fully set forth herein below.

## FIFTH CAUSE OF ACTION
### (Copyright Infringement of Asserted Copyrights)

59. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

60. CallAssistant created and is the owner of all rights in and to the Asserted Copyrights.

61. CallAssistant, as the owner of all rights and interest in and to the Asserted Copyrights, is entitled to the exclusive rights to reproduce, distribute, publish, and prepare derivative works of the same under the Copyright Act, 17 U.S.C. § 106.

62. Upon information and belief, Revocalize and Savantius have copied, played and/or redistributed copies of the Asserted Copyrights by, at a minimum, copying the scripts registered in the '188 Registration and using such scripts in its systems, including but not limited to, systems which include its "Perfect Voice" software and by using voice recordings registered in the '992 Registration in its sample calls which it uses for marketing purposes.

63. Upon information and belief, Revocalize and Savantius have also prepared derivative works of the Asserted Copyrights and has used derivative works of the scripts registered in the '188 Registration and of the recordings of scripts registered in the '992 Registration in its systems, including but not limited to, systems which include its "Perfect Voice" software.

64. Revocalize has violated CallAssistant's exclusive rights to reproduce and distribute copies of the Asserted Copyrights, and/or to prepare derivative works of the same, in violation of 17 U.S.C. § 106.

65. Revocalize and Savantius are not authorized to reproduce or distribute works which infringe CallAssistant's rights in the Asserted Copyrights, and is not authorized to prepare derivative works of the same.

66. The foregoing conduct by Revocalize and Savantius constitutes copyright infringement.

67. Rookstool and George have actively induced and/or contributed to infringement of the Asserted Copyrights by their aforesaid conduct. On information and belief, Rookstool and George have the right and ability to supervise the infringing activity and have a direct financial interest in such activity.

68. Upon information and belief, defendants Rookstool, George, Revocalize and Savantius were each aware of CallAssistant's rights in the Asserted Copyrights and had reason to believe that their acts constituted an infringement of CallAssistant's copyrights, thereby rendering such infringement willful.

69. By reason of Rookstool's, George's, Revocalize's and Savantius's infringement, CallAssistant has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the Asserted Copyrights.

70. Further irreparable harm to CallAssistant is imminent as a result of Rookstool's, George's, Revocalize's and Savantius's conduct, and CallAssistant is without an adequate remedy at law. CallAssistant is therefore entitled to an injunction restraining Rookstool, George, Revocalize and Savantius, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with 1to1, Savantius, and Revocalize from engaging in further such acts of copyright infringement, pursuant to 17 U.S.C. § 502.

71. CallAssistant is further entitled, during the pendency of this action, to an order from the Court enjoining Rookstool's, George's, Revocalize's and Savantius's infringing activity, and, as part of the Court's final judgment or decree, an order from this court that

Rookstool's, George's, Revocalize's and Savantius's infringing works, including all derivative works, be destroyed, pursuant to 17 U.S.C. § 503.

72. CallAssistant is entitled to recover either statutory or actual damages suffered by it as a result of the infringement, in an amount to be proven at trial, along with Rookstool's, George's, Revocalize's and Savantius's profits that are attributable to the infringement, for Defendants' willful infringement pursuant to 17 U.S.C. § 504, along with CallAssistant's costs and attorney's fees, pursuant to 17 U.S.C. § 505.

**FOURTH CAUSE OF ACTION**
**(State Law Unfair Competition)**

73. By this reference, Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

74. Defendants by their actions set forth hereinabove, have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of the Asserted Patents. Among other things, Defendants have engaged in patent infringement, which is defined as an act of unfair competition under Utah Code Ann. § 13-5a-102(4).

75. Defendants' conduct as set forth hereinabove gives rise to a cause of action for unfair competition and related wrongs under the statutory and common law of the State of Utah and other states, including at least Utah Code Ann. § 13-5a-101, *et seq.*

76. By reason of the foregoing, Plaintiffs have suffered damages and irreparable harm.

77.     By reason of the foregoing, Plaintiffs are entitled to actual and punitive damages from Defendants, along with its attorneys' fees and costs pursuant to at least Utah Code Ann. § 13-5a-103(1)(b) as more fully set forth hereinbelow.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.      Judgment finding Defendants jointly and severally liable for infringement of the Asserted Patents and of the works covered by the '188 Registration and '992 Registration;

B.      For injunctive relief enjoining Defendants, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with Revocalize, Savantius, Acquinity, Rookstool or George, as follows:

   a. from manufacturing any products falling within the scope of the claims of the Asserted Patents;

   b. from using any product or method falling within the scope of any of the claims of the Asserted Patents;

   c. from selling, offering to sell, licensing or purporting to license any product or method falling within the scope of any of the claims of the Asserted Patents;

   d. from importing any product into the United States which falls within the scope of the claims of the Asserted Patents;

   e. from actively inducing others to infringe any of the claims of the Asserted Patents;

   f. from engaging in acts constituting contributory infringement of any of the claims of the Asserted Patents; and

       g.   from all other acts of infringement of any of the claims of the Asserted Patents;

C.      For an award of damages sufficient to compensate Plaintiffs for Defendants' infringement;

D.      For judgment finding the infringement of the Defendants to be willful, and for an award of enhanced damages in connection with such finding;

E.      For judgment finding this to be an exceptional case and awarding Plaintiffs their costs and attorneys fees incurred herein;

F.      That Plaintiffs be granted preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, enjoining Defendants, and the respective officers, directors, agents, employees, representatives and all persons operating in concert with Defendants from further acts of infringement of the Asserted Copyrights;

G.      That Defendants be ordered to deliver up for destruction all infringing products in their possession, pursuant to 17 U.S.C. § 503;

H.      An award of damages adequate to compensate Plaintiffs for infringement of the Asserted Copyrights;

I.      An award of actual and punitive damages pursuant to Utah Code Ann. § 13-5a-103(b);

J.      An award of Plaintiffs' costs in bringing this action, pursuant to at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii);

K.      An award of Plaintiffs' attorneys' fees, pursuant to applicable state statutory and common law, including at least Utah Code Ann. §§ 13-5a-103(1)(b)(ii);

L. That costs and attorneys' fees be awarded to Plaintiffs under 17 U.S.C. § 505; and

M. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all claims and issues so triable.

DATED October 23, 2012.

        WORKMAN | NYDEGGER


        By: /s/ Charles L. Roberts
            Brent P. Lorimer
            Charles L. Roberts
            H. Craig Hall, Jr.

            Attorneys for Plaintiffs Noguar, L.C and
            CallAssistant, L.C.

            J. Ryan Mitchell
            Andrew V. Collins
            MITCHELL & BARLOW
            Attorneys for Plaintiff CallAssistant, L.C.